## 40154. BROWN v. JOHNSON.

HILL, Chief Justice.

Prior to the effective date of the Constitution of 1983, this court had no original jurisdiction. See Const. 1976, Art. VI, Sec. II, Par. IV (Code Ann. § 2-3104).

The Constitution of 1983, effective July 1, 1983, provides that "Each court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments; but only the superior and appellate courts shall have the power to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction." (Art. VI, Sec. I, Par. IV (Code Ann. § 2-2704).)

In the matter before us, petitioner has filed a petition for mandamus seeking to invoke the original jurisdiction of this court to require the respondent, a superior court judge, to enter an order in a matter allegedly pending more than thirty days in violation of OCGA § 15-6-21(a) (Code Ann. § 24-2620). Without considering the merits of this petition, we find it appropriate to specify, at least as is applicable to the case at hand, the procedure to be followed before seeking to invoke this court's original jurisdiction.

Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare.

There may occasionally appear to be a need to file an original petition in the Supreme Court to issue process in the nature of

mandamus, and perhaps quo warranto or prohibition, where a superior court judge is named as the respondent. This appearance is misleading. Such petition may be filed in the appropriate superior court. Being the respondent, the superior court judge will disqualify, another superior court judge will be appointed to hear and determine the matter, and the final decision may be appealed to the Supreme Court for review. Anything to the contrary in *Shreve v. Pendleton,* 129 Ga. 374 (58 SE 880) (1907), will no longer be followed.

The petition for writ of mandamus filed in this court is therefore dismissed.

*Petition for Writ Dismissed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1983.

Phillip Brown, *pro se.*
*Willis B. Sparks, District Attorney,* for appellee.