300 Ga. 763
FINAL COPY

S17A0099. BAEZ v. FLANDERS.

BLACKWELL, Justice.

Roberto Baez attempted to file a petition in the Superior Court of Johnson County against Chief Judge H. Gibbs Flanders, Jr.,[1] but Judge Flanders determined that the petition failed to present any serious claim, and so, he ordered that it not be filed.[2] Baez appeals,[3] and we vacate the order that

---

[1] By his petition, Baez sought a writ of mandamus to compel Judge Flanders to rule on a motion for reconsideration in a habeas case.

[2] Because Baez attempted to file the petition without counsel and without paying a filing fee, his petition was subject to OCGA § 9-15-2 (d), which provides:

> When a civil action is presented for filing under this Code section [pertaining to filings by indigent persons unable to pay filing fees] by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading. If the judge does not so find, then the judge shall enter an order allowing filing and shall return the pleading to the clerk for filing as in other cases. An order denying filing shall be appealable in the same manner as an order dismissing an action.

[3] Baez filed an application for discretionary review of the order that disallowed filing, and we granted his application. See OCGA § 42-12-8.

disallowed filing and remand for a different judge to review the petition and determine whether filing ought to be allowed. "[N]o man can be a judge in his own case," Williams v. Pennsylvania, ___ U. S. ___, ___ (II) (A) (136 SCt 1899, 195 LE2d 132) (2016) (citation and punctuation omitted), and Judge Flanders was not authorized to disallow filing of a petition in which he was named as the respondent. See Brown v. Johnson, 251 Ga. 436, 437 (306 SE2d 655) (1983). See also Graham v. Cavender, 252 Ga. 123, 123 (311 SE2d 832) (1984). Judge Flanders "should not have presided over or ruled upon this matter, and . . . the order[ ] entered by [him] in this case must be declared void and ordered vacated." Smith v. Guest Pond Club, 277 Ga. 143, 147 (2) (586 SE2d 623) (2003).[4]

Judgment vacated and case remanded with direction. All the Justices concur, except Grant, J., not participating.

---

[4] We recently warned that, despite some dicta to the contrary in Smith, a motion to recuse must be filed within the time required by Uniform Superior Court Rule 25.1 to preserve a judicial disqualification issue. See GeorgiaCarry.Org v. James, 298 Ga. 420, 422 (1) (782 SE2d 284) (2016). In this case, however, Judge Flanders denied filing of the initial petition, and Baez had no opportunity to file a motion to recuse in the trial court. Baez raised the disqualification of Judge Flanders at the earliest opportunity –  in his application for discretionary review of the order that disallowed filing.

Decided March 20, 2017.

Recusal. Johnson Superior Court. Before Judge Flanders.

Roberto Baez, pro se.

Samuel S. Olens, Attorney General, Dennis R. Dunn, Deputy Attorney General, Russell D. Willard, Senior Assistant Attorney General, Susan R. Haynes, Assistant Attorney General, for appellee.