# Court of Appeals
# of the State of Georgia

ATLANTA,  April 16, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1483.  MICHAEL STARCHER v. BRIAN M. HOUSE, JUDGE.**

Prison inmate Michael Starcher, proceeding pro se, filed an original mandamus petition in this Court, seeking an order compelling the superior court to rule on his pending post-judgment motions, including a motion for new trial.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). An appellate court has limited original mandamus authority in aid of its jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. Mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014). However, this is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013). Until such time as Starcher has pursued relief in superior court and obtained a ruling thereon, there is no basis for this Court to

exercise jurisdiction.[1] See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010). Accordingly, Starcher's petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  04/16/2018
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] From the limited materials submitted with the appeal, it appears that Starcher filed a petition for a writ of mandamus in the superior court on January 4, 2018. However, there is no indication that the superior court has ruled on the petition. Moreover, because Starcher is currently incarcerated, any such appeal would be controlled by the Prison Litigation Reform Act, OCGA § 42-12-1 et seq., which requires any appeal in a civil case by a prisoner to come by discretionary application. OCGA § 42-12-8.