# Court of Appeals
# of the State of Georgia

ATLANTA, __August 22, 2018__

*The Court of Appeals hereby passes the following order:*

**A18A2032. BRIAN COHEN v. FULTON COUNTY SUPERIOR COURT et al.**

Brian Cohen, a prison inmate, filed a pro se mandamus petition in this Court against the Fulton County Superior Court and the Commissioner of the Department of Corrections. Cohen asks that this Court compel the superior court to rule on a mandamus petition he filed in the superior court, and compel the superior court and the Commissioner to award him credit for time served and transfer him to a transitional center.

We lack jurisdiction. Cohen must first present his request to the superior court and obtain a ruling. "Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). This is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013); *Brown*, 251 Ga. at 436. Until such time as Cohen has pursued relief in superior court and obtained a ruling thereon, there is no basis for this Court to exercise jurisdiction. See *Brown*, 251 Ga. at 436; see also *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010).[1]

---

[1] Moreover, because Cohen is currently incarcerated, any appeal from such a ruling would be controlled by the Prison Litigation Reform Act, OCGA § 42-12-1 et seq., which requires any appeal in a civil case by a prisoner to come by discretionary

Accordingly, Cohen's petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__08/22/2018_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*

---

application.  See OCGA § 42-12-8.