# Court of Appeals
# of the State of Georgia

ATLANTA,  September 19, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1559. LARRY G. GLADDEN v. A. WALLACE CATO et al.**

Larry Gladden, acting pro se, has filed an original petition for a writ of mandamus in this court. The petition alleges that the superior court did not make sufficiently specific findings of facts and conclusions of law in an order in a habeas corpus proceeding, as required by OCGA § 9-14-49. Gladden asks this court to compel the superior court judge to issue a new order with more detailed factual findings and legal conclusions.

As our Supreme Court has held, "the need to resort to the appellate courts for [mandamus] relief by petition filed in the appellate courts [is] extremely rare." *Brown v. Johnson*, 251 Ga. 436 (306 SE2d 655) (1983). "Except in the rarest of cases, litigants seeking to invoke this [c]ourt's original jurisdiction . . . must first petition the superior court for such relief." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010). See *Graham v. Cavendar*, 252 Ga. 123 (311 SE2d 832) (1984). Where, as here, the petition names a superior court judge as respondent, the petition nevertheless "may be filed in the appropriate superior court. Being the respondent, the superior court judge will disqualify, another superior court judge will be appointed to hear and determine the matter, and the final decision may be appealed to the [appellate court] for review." *Brown*, supra at 437.

Gladden asserts that, before filing this petition for original mandamus with this court, he "presented" a mandamus petition to the superior court but "that method proved ineffective." He further states that the Clerk of the Superior Court did not

"present the petition to a judge for review prior to filing as is required by law." These assertions do not make clear the status of Gladden's mandamus petition in the superior court and leave open the possibility that the mandamus petition is currently pending there. If so, then it is not appropriate for us to exercise jurisdiction over an original mandamus petition filed in this court. See *Brown*, 251 Ga. at 436-437.

If, however, the superior court has ruled on the petition, either in an order disallowing its filing or in an order on the merits, that ruling would be subject to discretionary appellate review. See OCGA § 42-12-8 (appeals of civil actions filed by prisoners subject to discretionary appeal procedures of OCGA § 5-6-35); *Brock v. Hardman*, 303 Ga. 729, 731 (2) (814 SE2d 736) (2018) (denial of prisoner's mandamus petition subject to discretionary appeal procedures); *Baez v. Flanders*, 300 Ga. 763, 763-764 & n. 3 (798 SE2d 232) (2017) (ruling disallowing filing of prisoner's mandamus petition reviewed through discretionary appeal procedures). And if, on the other hand, either the superior court or the clerk of that court failed to perform an official duty in connection with the filing of or ruling on the mandamus petition Gladden presented to that court, Gladden could seek a writ of mandamus in the superior court to compel such performance. See OCGA § 9-6-20. None of these possibilities offers a basis for us to exercise jurisdiction over Gladden's petition seeking to compel the superior court to issue a more specific order in the habeas corpus proceeding.

The petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  09/19/2019*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*