# Court of Appeals
# of the State of Georgia

ATLANTA,   September 25, 2019

*The Court of Appeals hereby passes the following order:*

## A20A0323.  ROOSEVELT LEE, JR. v. JANE BARWICK et al.

In 2011, Roosevelt Lee, Jr. pleaded guilty to aggravated assault and other crimes. Based on the limited materials before us, it appears that he later filed a petition for a writ of habeas corpus, which was dismissed. Lee has now filed, in this Court, a set of documents that we docketed as a petition for a writ of mandamus. Lee states that he wishes to (1) pursue a malpractice action against the attorney who represented him in the habeas case and (2) file a renewal habeas petition.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, . . . and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Rather, the procedure to be followed before seeking to invoke this Court's original mandamus jurisdiction is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief."). Here, the record contains no indication that Lee has obtained a ruling in the superior court on the claims in his mandamus petition.

Moreover, we question whether mandamus is the proper vehicle for the relief that Lee seeks. "Mandamus is a remedy for improper government inaction – the failure of a public official to perform a clear duty." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (755 SE2d 760) (2014) (punctuation omitted). Lee's complaints of

legal malpractice are not directed toward a public official. And a renewal action must be filed in the trial court, not here. To the extent that Lee complains that the trial court erred by dismissing his habeas action, his remedy was to appeal that ruling, not to file a mandamus petition. See *Common Cause/Ga. v. Campbell*, 268 Ga. App. 599, 601 (2) (602 SE2d 333) (2004) (mandamus "does not provide a remedy to compel the undoing of acts already done or the correction of wrongs already perpetrated") (punctuation omitted).

In short, this is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013). Until such time as Lee has pursued relief in the trial court and obtained a ruling thereon, there is no basis for this Court to exercise jurisdiction. See *Brown*, 251 Ga. at 436.

Accordingly, this petition for writ of mandamus is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   09/25/2019*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*