# Court of Appeals
# of the State of Georgia

ATLANTA,  December 30, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0762. THOMAS JOHNSON v. ASSAF SREBRO.**

Thomas Johnson has filed an original mandamus action in this Court, asking this Court to compel a superior court judge to impose a stay in what appears to be a dispossessory proceeding. This case is not, however, subject to original mandamus relief by our Court.

Appellate courts have mandamus authority in aid of their jurisdiction, see Ga. Const. of 1983, Art. VI, Sec. I, Par. IV, but the need to resort to the appellate courts for such relief is "extremely rare" because "the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction[.]" *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Moreover, mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014).

This is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013). Until Johnson has pursued mandamus relief in superior court and obtained a ruling thereon, there is no basis for this Court to exercise jurisdiction. See *Brown*, 251 Ga. at 436.

Accordingly, this petition for writ of mandamus is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _12/30/2019_
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*