# Court of Appeals
# of the State of Georgia

ATLANTA,  August 20, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0050. WASEEM DAKER v. TIMOTHY WARD, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF GEORGIA DEPARTMENT OF CORRECTIONS.**
**A21A0051. WASEEM DAKER v. TIMOTHY WARD, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF GEORGIA DEPARTMENT OF CORRECTIONS.**
**A21A0052. WASEEM DAKER v. TIMOTHY WARD, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF GEORGIA DEPARTMENT OF CORRECTIONS.**

Waseem Daker has filed three original mandamus petitions in this Court, asking this Court to compel the Commissioner of the Georgia Department of Corrections to provide him copies of his inmate account statement and access to photocopying for filing three civil actions against the Department of Corrections in the superior court and for use in filing discretionary applications.[1] These cases are not, however, subject to original mandamus relief by our Court.

Appellate courts have mandamus authority in aid of their jurisdiction, see Ga. Const. of 1983, Art. VI, Sec. I, Par. IV, but the need to resort to the appellate courts for such relief is "extremely rare" because "the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition,

---

[1] Daker attempted to file civil complaints against personnel of the Department of Corrections regarding the taking of some of his possessions. The trial court denied these filings, in part, because Daker failed to provide a copy of his inmate account statement. Daker filed applications for discretionary appeal from those orders, which remain pending. See Case Nos. A21D0013, A21D0014, and A21D0015.

specific performance, quo warranto, and injunction." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Moreover, mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014).

These petitions are not the extremely rare instances in which this Court will invoke its original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013). Until Daker has pursued mandamus relief in superior court and obtained a ruling thereon, there is no basis for this Court to exercise jurisdiction. See *Brown*, 251 Ga. at 436-437. Accordingly, these petitions are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   08/20/2020          *
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ *, Clerk.*