# Court of Appeals
# of the State of Georgia

ATLANTA,  September 30, 2021

*The Court of Appeals hereby passes the following order:*

## A22A0282. JAMES DORSEY v. CHRIS PHELPS et al.

James Dorsey has filed an original mandamus action in this Court. Although the procedural posture is not entirely clear from the mandamus petition, it appears that Dorsey is facing criminal prosecution. Dorsey requests that this Court: (1) order the district attorney to provide discovery; (2) order the superior court to require the police to answer interrogatories; (3) order the superior court to provide him a transcript of a preliminary hearing; and (4) require the superior court to rule on a motion to quash and a motion for bond.

Appellate courts have mandamus authority in aid of their jurisdiction, see Ga. Const. of 1983, Art. VI, Sec. I, Par. IV, but the need to resort to the appellate courts for such relief is "extremely rare" because "the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Thus, "[e]xcept in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction pursuant to the Constitution of 1983 must first petition the superior court for such relief." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010).

This is not one of those rare cases in which we will exercise original jurisdiction. See *Henderson v. State*, 303 Ga. 241, 245 (3) (811 SE2d 388) (2018). Accordingly, this petition for a writ of mandamus is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __09/30/2021_____

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*