# Court of Appeals
# of the State of Georgia

ATLANTA,  April 06, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0605.  WOODARD v. HARRISON et al.

Timothy Woodard has filed an original mandamus action in this Court. Although the procedural posture of Woodard's case is not entirely clear from the mandamus petition, it appears that Woodard is currently serving a sentence after being found guilty of violations of OCGA § 16-12-100 (b). Woodard requests that this Court: (1) reverse his conviction; (2) release Woodward on bond until this Court hears his appeal; (3) remove Judge Brian Amero from his case; (4) void all decisions issued by Judge Amero; (5) remove Woodard's case from Henry County; (6) order the trial court to transmit the record, including transcripts, to this Court within five days; and (7) remove Barbara Harrison, clerk of court for Henry County Superior Court, from office pending a criminal investigation.[1] This case is not, however, subject to original mandamus relief by our Court.

The Georgia Constitution gives the Supreme Court of Georgia and this Court original mandamus jurisdiction. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. However, the need to resort to the appellate courts for such relief is "extremely rare" because "the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Thus, "[e]xcept in the rarest of cases, litigants seeking to invoke this Court's original

---

[1] Woodard filed another mandamus action in this Court in which he challenged various actions of the Spalding County Court and clerk of court. We dismissed that petition. See Case No. A22A0675.

jurisdiction pursuant to the Constitution of 1983 *must first petition the superior court for such relief.*" *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) (emphasis supplied). The present matter does not qualify as one of the extremely rare cases where this Court should exercise original mandamus jurisdiction.

Although Woodard states that he has filed a mandamus petition in the superior court, it does not appear he has obtained a ruling on this petition. Until Woodard has pursued relief in the trial court and obtained a ruling thereon, there is no basis for this Court to exercise jurisdiction. See *Brown*, 251 Ga. at 436-437. Accordingly, this petition for writ of mandamus is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   04/06/2022*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*