# Court of Appeals
# of the State of Georgia

ATLANTA, May 11, 2023

*The Court of Appeals hereby passes the following order:*

## A23A1241. KENNETH EASON v. MUSCOGEE COUNTY SUPERIOR COURT, et al.

In October 2013, Kenneth Eason was convicted of armed robbery and sentenced as a recidivist to life in prison. This Court subsequently affirmed Eason's conviction. *Eason v. State*, 331 Ga. App. 59 (769 SE2d 772) (2015). In November 2015, Eason filed a petition for habeas corpus in Lee County Superior Court. Approximately one year later, the case was transferred to the Superior Court of Muscogee County.[1] According to Eason, after the trial court failed for over three years to take any action on his habeas petition, he filed both a March 2022 motion seeking an evidentiary hearing and an October 2022 petition for writ of mandamus.[2] The trial court responded to these filings on November 28, 2022 by issuing an order stating that a hearing on Eason's habeas corpus petition and his pending motions would be heard "before the start of the year 2023." After the trial court failed to take any further action, Eason filed a petition with this Court seeking a writ of mandamus requiring the trial court to hold a hearing on his habeas petition.

As an appellate court, we have limited original mandamus authority in aid of our jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. I, Par. IV ("Each court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments; but only the superior and appellate courts . . . shall have the power to

---

[1] Eason is currently incarcerated in Rutledge State Prison in Muscogee County.

[2] None of the documents to which Eason refers in his current petition appears in the record.

issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction."). The Supreme Court, however, has declared that such mandamus relief must be first sought in the superior court. See *Brown v. Johnson*, 251 Ga. 436, 436-437 (306 SE2d 655) (1983). The superior court judge named as respondent will disqualify, and another judge will be appointed to rule on the petition. See id. at 437.

Here, although Eason's current mandamus petition asserts that he has sought to obtain mandamus relief in the superior court, he also acknowledges that the lower court has yet to rule on his request for such relief. Accordingly, this is not one of the rare circumstances in which this Court will exercise original mandamus jurisdiction. See *Brown*, 251 Ga. at 437 (a party seeking mandamus relief must pursue such relief in the superior court and obtain a ruling thereon). This petition for writ of mandamus is therefore DISMISSED.



*Court of Appeals of the State of Georgia*

      *Clerk's Office, Atlanta,  05/11/2023*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*