# Court of Appeals
# of the State of Georgia

ATLANTA, December 04, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0761. MOUSTAPHA KEBE v. VALDOSTA CITY SCHOOL DISTRICT et al.

In these actions for divorce and contempt, Moustapha Kebe seeks to appeal the trial court's orders that, among other things, awarded attorney fees under OCGA § 9-15-14. Kebe filed a direct appeal from those orders,[1] and the appellees have filed a motion to dismiss the appeal. We agree that we lack jurisdiction.

Pretermitting whether these orders are final orders subject to immediate review, see OCGA § 5-6-34 (b), a direct appeal is not authorized here. "Appeals from judgments or orders in divorce, alimony, and other domestic relations cases," including orders holding persons in contempt of such orders, must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b); see *Onyemobi v. Onyemobi*, 375 Ga. App. 538, 538, 540-541 (916 SE2d 738) (2025). While direct appeals lie from orders "awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders" under OCGA § 5-6-34 (a) (11), the order at issue here contains no such ruling. See *Voyles v. Voyles*, 301 Ga. 44, 46-47 (799 SE2d 160) (2017) (the issue raised on appeal governs whether an appeal must be initiated by filing an application for discretionary review).

Additionally, an appeal from a trial court order awarding OCGA § 9-15-14

---

[1] During the pendency of his divorce, Kebe filed a separate action for contempt. The trial court entered orders awarding fees in both the contempt and divorce actions. Kebe filed a single notice of appeal from those two orders.

attorney fees must also be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (10), (b); *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002).

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dep't of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Accordingly, for the reasons set forth above, the appellees' motion to dismiss is GRANTED and this appeal is hereby DISMISSED.

Kebe has also filed an emergency motion seeking to invoke our original mandamus jurisdiction. "Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Rather, the procedure to be followed before seeking to invoke this Court's original jurisdiction is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief."). This is not one of the extremely rare instances in which this Court will exercise its original jurisdiction. Until Kebe has obtained a ruling from the superior court, there is no basis for this Court to exercise its jurisdiction. See *Brown*, 251 Ga. at 436-437. Accordingly, Kebe's emergency motion is hereby DENIED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*___12/04/2025_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*