# Court of Appeals
# of the State of Georgia

ATLANTA, May 13, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0008. YAKENSKI STEVENS v. DENISE MARSHALL, JUDGE et al.

Yakenski Stevens filed the instant original mandamus petition,[1] seeking an order compelling the trial court judge in his criminal case to rule on various motions.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983), disapproved on other grounds, *Arnold v. Alexander*, 321 Ga. 330, 336(1) (914 SE2d 311) (2025). See Ga. Const. of 1983, Art. VI, Sec. I, Par. IV (providing that appellate courts have mandamus authority in aid of their jurisdiction). Moreover, mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734(2) (755 SE2d 760) (2014). As the Supreme Court of Georgia recently explained, "it will be an 'extremely rare' circumstance that would require a party to seek a writ of mandamus in [an appellate court] in the first instance, given that superior court judges have the power to issue process in the nature of mandamus against other superior court judges or trial court officials." *Arnold*, 321 Ga. at 335(1) n.6. Rather, the procedure to be followed before seeking to invoke this Court's

---

[1] Stevens filed the petition in the Supreme Court of Georgia, which transferred it here. Case No. S26O0996 (Apr. 21, 2026).

original jurisdiction is to file the petition in the appropriate lower court first. Id.

Here, there is no indication that Stevens petitioned the superior court for a writ of mandamus, and this is not one of the extremely rare instances in which this Court will exercise its original jurisdiction. Thus, there is no basis for this Court to exercise its jurisdiction, and this original petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,___05/13/2026_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*