# Court of Appeals
## of the State of Georgia

ATLANTA, ___May 20, 2026___

*The Court of Appeals hereby passes the following order:*

**A26O0009. JOHNNY BRETT GREGORY v. BABS BAILEY, IN HER OFFICIAL CAPACITY AS CLERK OF SUPERIOR COURT.**

**A26O0011. JOHNNY BRETT GREGORY v. BABS BAILEY, IN HER OFFICIAL CAPACITY AS CLERK OF THE SUPERIOR COURT OF WHITFIELD COUNTY, GEORGIA.**

These related cases represent Johnny Brett Gregory's second and third appearances in this Court. In the first, Gregory filed an application for discretionary appeal from the dismissal of a quiet title action for lack of service and joinder issues. Because Gregory was not a party to the quiet title action nor did he move to intervene in the action, this Court dismissed his application for lack of standing. See Case No. A24D0380 (July 9, 2024). In the instant cases, he seeks emergency relief to prevent a tax sale of the property set to occur on May 21, 2026.

Case No. A26O0011 arose out of Gregory's filing of a motion for leave of court, notice of failure to substitute party and counsel, and motion to compel substitution and to preserve claims, and an expedited motion for hearing and request for immediate consideration in the superior court on or about May 2, 2026. Gregory alleges that the superior court rejected his filing,[1] but he has not included in the materials an order rejecting his filing. Pending before this Court is Gregory's

---

[1] The documents submitted with Gregory's petition show that on May 4, 2026, the superior court rejected the filing of documents by a different person, Malachi Gregory, "due to standing order for Mr. Gregory's [sic] in [reference] to filing documents."

"Original Emergency Petition for Writ of Mandamus, Supervisory Relief, and Access to Court," seeking an order compelling the superior court to accept and process his filings.

Case No. A26O0009 arose out of Gregory's filing of a motion for leave of court to file an emergency motion in the superior court on or about May 3, 2026. In that motion, he acknowledged that he is subject to prior filing restrictions and sought to maintain the status quo pending the imminent tax sale. Neither the order imposing filing restrictions or an order rejecting the filing is included in Gregory's filings in Case No. A26O0009. Pending before this Court is Gregory's "Emergency Original Petition for Writ of Mandamus and Request for Immediate Relief."

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see Ga. Const. of 1983, Art. VI, Sec. I, Par. IV (providing that appellate courts have mandamus authority in aid of their jurisdiction). Moreover, mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734(2) (755 SE2d 760) (2014). As the Supreme Court of Georgia recently explained, "it will be an 'extremely rare' circumstance that would require a party to seek a writ of mandamus in [an appellate court] in the first instance, given that superior court judges have the power to issue process in the nature of mandamus against other superior court judges or trial court officials." *Arnold v. Alexander*, 321 Ga. 330, 335(1) n.6 (914 SE2d 311) (2025). Rather, the procedure to be followed before seeking to invoke this Court's original jurisdiction is to file the petition in the appropriate lower court first. Id.

In Case No. A26O0011, there is no indication that Gregory petitioned the superior court for a writ of mandamus, and in Case No. A26O0009, although Gregory filed a motion for leave of court to file an emergency motion, he did not include an

order from the trial court ruling on his motion. Thus, Gregory has not shown he sought mandamus relief or obtained such an order, and this is not one of the extremely rare instances in which this Court will exercise its original jurisdiction. As explained above, mandamus will issue if no other adequate legal remedy is available *and* the applicant has a clear legal right to the relief sought. See *Bibb County*, 294 Ga. at 734(2). Gregory has not established that he is entitled to the relief he seeks in this Court. Thus, these original petitions are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 05/20/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*