# Court of Appeals
# of the State of Georgia

ATLANTA,  May 22, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0014. JOHNNY BRETT GREGORY v. LIBBY BLACKWELL.

Johnny Brett Gregory filed this petition seeking "extraordinary mandamus and supervisory relief arising from the alleged denial of filing access in Cobb County Superior Court Civil Action No. 25CV03391."[1] However, Gregory fails to demonstrate any basis for this Court to exercise its original jurisdiction.

Based on the materials Gregory has submitted, it appears that he filed a civil action in the Superior Court of Cobb County in May 2025 against three defendants. Although Gregory has not included the complaint, he asserts that it involves "real-property rights, disputed title interests, heirship claims, estate-related property interests, and tax-related threats" to property in Dalton. In August 2025, the superior court dismissed the complaint because Gregory failed to obtain prior judicial approval to file it, as required by a 2021 order entered in a related case.[2] Gregory tried to file a

---

[1] Gregory filed the petition in the Supreme Court of Georgia, which transferred it here upon finding no basis for jurisdiction there. See Case No. S26O1413 (May 15, 2026).

[2] Gregory has not included a copy of the 2021 order restricting filings. We note that Gregory has been a frequent filer in this Court. See Case No. A12A0746 (dismissed Dec. 30, 2011); Case No. A12D0411 (denied Jul. 2, 2012); Case No. A12D0439 (dismissed Jul. 26, 2012); Case No. A12D0443 (dismissed Jul. 26, 2012); Case No. A15D0183 (dismissed Dec. 22, 2014), Case No. A22A1480 (dismissed Jul. 27, 2022); Case No. A24D0380 (dismissed Jul. 9, 2024); Case No. A26E0163 (denied Mar. 17, 2026); Case No. A26O0009 (pending); Case No. A26O0011 (pending).

motion for reconsideration of the dismissal , but the superior court's e-filing system rejected the filing. Although Gregory has included a copy of the rejection notice, the copy is illegible. It does not appear that Gregory sought to appeal the underlying dismissal order. Nothing further happened in the case until March 2026, when the superior court entered an order reclassifying the action from "Other/General Civil" to "Real Property."

In May 2026, Gregory filed this petition claiming that he has been "denied meaningful filing access necessary to pursue judicial review concerning the underlying property dispute." Gregory claims that he faces a looming tax deadline and that, without judicial review, "third parties may acquire tax-sale interests, liens, redemption rights, or competing interests." Accordingly, Gregory asks this Court to compel the superior court to accept and process his filings, to "[e]xercise supervisory authority" over the superior court, and to grant other unspecified "emergency relief."

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see Ga. Const. of 1983, Art. VI, Sec. I, Par. IV (providing that appellate courts have mandamus authority in aid of their jurisdiction). Moreover, mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734(2) (755 SE2d 760) (2014). As the Supreme Court of Georgia recently explained, "it will be an 'extremely rare' circumstance that would require a party to seek a writ of mandamus in [an appellate court] in the first instance, given that superior court judges have the power to issue process in the nature of mandamus against other superior court judges or trial court officials." *Arnold v. Alexander*, 321 Ga. 330, 335(1) n.6 (914 SE2d 311) (2025). Rather, the procedure to be followed before seeking to invoke this Court's original jurisdiction is to file the petition in the appropriate lower court first. Id.

Based on the materials Gregory has submitted, the only filing that the superior court rejected in this case was his motion for reconsideration from the August 2025 dismissal order. We are unable to discern the basis for that rejection, and Gregory did not appeal the underlying dismissal order. Moreover, Gregory has not shown that he petitioned the superior court for a writ of mandamus. Under these circumstances, this is not one of the extremely rare instances in which this Court will exercise its original jurisdiction. This petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/22/2026

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*