# Court of Appeals
# of the State of Georgia

ATLANTA, May 27, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0013. LAMARR ANTHONY EVANS v. JEFF SIMPSON, JUDGE, SUPERIOR COURT OF CARROLL COUNTY.

Lamarr Evans filed the instant original mandamus petition, seeking an order compelling the trial court judge in his criminal case to rule on various motions and to provide other relief.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436 (306 SE2d 655) (1983), disapproved on other grounds, *Arnold v. Alexander*, 321 Ga. 330, 336(1) (914 SE2d 311) (2025). See Ga. Const. of 1983, Art. VI, Sec. I, Par. IV (providing that appellate courts have mandamus authority in aid of their jurisdiction). Moreover, a "writ of mandamus is properly issued only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734(2) (755 SE2d 760) (2014). As the Supreme Court of Georgia recently explained, "it will be an 'extremely rare' circumstance that would require a party to seek a writ of mandamus in [an appellate court] in the first instance, given that superior court judges have the power to issue process in the nature of mandamus against other superior court judges or trial court officials." *Arnold*, 321 Ga. at 335(1) n.6. Rather, the procedure to be followed before seeking to invoke this Court's original jurisdiction is to file the petition in the appropriate lower court first. *Brown*,

251 Ga. at 436–37.

Here, there is no indication that Evans petitioned the superior court for a writ of mandamus. This does not appear to be a case in which the exercise of our original jurisdiction is necessary in aid of our jurisdiction or to protect or effectuate our judgment. Thus, there is no basis for this Court to exercise its jurisdiction, and this original petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* __05/27/2026_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*