# Court of Appeals
# of the State of Georgia

ATLANTA,  June 16, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0015. WILLIAM PAUL BRADLEY JR. v. F. GATES PEED, SENIOR JUDGE, BULLOCH COUNTY.

Senior Judge F. Gates Peed of the Superior Court of Bulloch County denied William Paul Bradley Jr.'s motion to recuse in this domestic relations case without referring the matter to another judge for disposition.[1] Bradley filed motions for reconsideration, for a certificate of immediate review, and to stay the proceedings, but Judge Peed apparently has not yet ruled on them. Bradley now petitions this Court for original mandamus relief, asking us to either (1) require Judge Peed to refer the recusal motion to a different superior court judge for disposition; (2) require Judge Peed to certify his order denying the recusal motion for immediate review; or (3) direct that this case be reassigned to a disinterested judge appointed by the Chief Justice of the Supreme Court of Georgia. Because Bradley has not shown that this is one of those rare cases requiring the deployment of our limited powers of original mandamus, we dismiss the petition.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v.*

---

[1] Bradley filed two recusal motions, the first of which was denied for procedural reasons. This petition concerns the second motion.

*Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. As the Supreme Court recently made clear, an appellate court's authority to issue such writs "is connected only to such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments. It does not grant jurisdiction to this Court to issue process as an original matter wholly unconnected to its appellate jurisdiction." *Arnold v. Alexander*, 321 Ga. 330, 334(1) (914 SE2d 311) (2025) (punctuation omitted). Thus, except in the rarest of cases, the procedure to be followed before seeking to invoke this Court's original mandamus jurisdiction is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455(2)(b) (699 SE2d 600) (2010).

Bradley has not followed this procedure. He claims that filing a mandamus petition in the superior court is "procedurally unavailable" because "[a] court cannot issue mandamus against itself or against one of its co-equal judges." But the Supreme Court determined that the appearance of a conflict under these circumstances "is misleading" and that "[s]uch petition may be filed in the appropriate superior court." *Brown*, 251 Ga. at 437. "Being the respondent, the superior court judge will disqualify, another superior court judge will be appointed to hear and determine the matter, and the final decision then may be appealed to [this Court] for review." Id.

Bradley also argues that we should issue mandamus now in aid of our jurisdiction to avoid having "to later undo extensive proceedings" occurring after Judge Peed should have recused. But "recusal questions are fully reviewable on appeal from a final judgment[.]" *Murphy v. Murphy*, 322 Ga. App. 829, 832 (747 SE2d 21) (2013). There is no need for us to act now to preserve our jurisdiction.

In sum, this is not one of the extremely rare instances in which this Court is authorized to exercise its limited original jurisdiction. Rather, Bradley must first obtain a ruling from the superior court on the issues he raises here before we will

exercise our jurisdiction. See *Brown*, 251 Ga. at 436-37.

Accordingly, this original petition is hereby DISMISSED. Bradley's emergency motion to stay the superior court proceedings is DENIED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,___06/16/2026_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*