# Court of Appeals
# of the State of Georgia

ATLANTA,  April 06, 2018

*The Court of Appeals hereby passes the following order:*

## A18D0371. TONIA BERRY v. BOWEN STRAHAN.

Defendant Tonia Berry seeks discretionary review of a trial court order denying her motion to enforce a settlement agreement and awarding sanctions under OCGA § 9-15-14 (a). We, however, lack jurisdiction.

The application materials show that Plaintiff Bowen Strahan sustained injuries when her vehicle collided with Berry's vehicle. Strahan made an offer of compromise under OCGA § 9-11-67.1 to Nationwide Affinity Insurance Company of America, Berry's insurer. When Nationwide failed to accept the offer, Strahan filed suit against Berry. Berry then filed a motion to enforce settlement, claiming Nationwide had accepted Strahan's settlement offer. The trial court denied the motion. In addition, "[b]ecause there existed such a complete absence of any justiciable issue of law or fact that it could be reasonably believed that the Court would accept the Defendant's Motion to Enforce Settlement," the court granted Strahan's motion for sanctions and indicated that a hearing would be scheduled to present evidence of Strahan's attorney's fees and expenses incurred in responding to Berry's motion to enforce settlement.

Berry filed this application for discretionary appeal, arguing, inter alia, that the order denying the motion to enforce settlement is directly appealable under the collateral order doctrine and that this court may review the portion of the order imposing sanctions without need for an application. We disagree and conclude that we lack jurisdiction because the interlocutory appeal procedures were not followed.

OCGA § 5-6-34 (a) (1) authorizes direct appeals only from "final judgments, that is to say, where the case is no longer pending in the court below[.]" However,

"[t]he collateral order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 452 (1) (699 SE2d 600) (2010) (punctuation omitted). "[T]he collateral order doctrine has application to only a very small class of interlocutory rulings," see *Rivera v. Washington*, 298 Ga. 770, 775 (784 SE2d 775) (2016) (punctuation omitted), and, as Berry admits, this Court has never entertained the denial of a motion to enforce settlement as directly appealable under this doctrine. Rather, we have held that such orders are interlocutory and require compliance with our interlocutory appeal procedures, which include obtaining a certificate of immediate review from the trial court and filing an appropriate application to this Court. See OCGA § 5-6-34 (b).

Here, Berry's claim that she has already resolved this dispute with Strahan can be effectively reviewed on appeal once a final judgment is entered. See *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U. S. 863 (114 SCt 1992, 128 LE2d 842) (1994) (under the federal collateral order doctrine, the refusal to enforce a settlement agreement claimed to shelter a party from suit altogether does not supply a basis for an immediate appeal, as the potential right to not defend the case is effectively reviewable on final judgment); see also *Rivera*, 298 Ga. at 776-778 (an interlocutory order rejecting a motion to dismiss based on a claim of immunity is not directly appealable under the collateral order doctrine). Thus, Berry was required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b) to obtain immediate appellate review of the trial court's order denying her motion to enforce settlement.

Moreover, contrary to Berry's assertion, the portion of the order awarding sanctions under OCGA § 9-15-14 is neither directly appealable nor appealable through the discretionary appeal procedure. It is clear from the trial court's order that the case has been set for a hearing and, as of yet, there is no final order awarding OCGA § 9-15-14 fees in this case. Thus, because the award of sanctions is not yet final and Berry did not file an application for interlocutory review under OCGA § 5-6-34 (b), her appeal of this issue is premature, and this Court lacks jurisdiction to

consider it.

Because Berry failed to follow the required appellate procedures, her application for discretionary appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta, 04/06/2018*
 *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*