# Court of Appeals of the State of Georgia

ATLANTA, __May 24, 2022__

*The Court of Appeals hereby passes the following order:*

**A22D0381. ANTONIO BLOCKER v. THE STATE.**

In this pending criminal case, the trial court issued orders on April 6, 2022, denying Antonio Blocker's numerous pro se motions, including his motion for release, motion for daily transcripts, motion to challenge and dismiss the indictment, motion to inspect grand jury minutes, motion to dismiss the charges, motion to suppress, motion in limine, and his special demurrer. Blocker has filed a discretionary application for appellate review of those orders. He has also filed a petition for writ of mandamus asking this Court to mandate the trial court to file its orders on numerous other motions with the clerk of court and to provide him copies of the orders denying those motions. We lack jurisdiction.

Because Blocker's criminal case is still pending below, to obtain review of the trial court's April 6 orders, he was required to comply with the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b), including obtaining certificates of immediate review. See *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Blocker's failure to obtain certificates of immediate review deprives this Court of jurisdiction over his application.[1]

As to his mandamus petition, an appellate court has limited original mandamus

---

[1] In addition to the motions enumerated above, Blocker also filed a separate demurrer and motion to dismiss the indictment. In his application, he asserts that this motion was also denied and seeks review thereof. However, he has not included a copy of that order with his application, in violation of Court of Appeals Rule 31 (c). Moreover, as with the other orders he seeks to appeal, there is no indication that Blocker obtained a certificate of immediate review of that order.

authority in aid of our jurisdiction. *See* Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. However, unlike appellate courts, superior courts are "equipped to develop an evidentiary record[.]" *Byrd v. Robinson*, 349 Ga. App. 19, 20 (825 SE2d 424) (2019). Thus, "[e]xcept in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction pursuant to the Constitution of 1983 must first petition the superior court for such relief." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010). Here, Blocker does not indicate that he has petitioned the superior court for mandamus relief in connection with his claims, and we do not find this to be the rare case in which the original jurisdiction of this Court should be invoked absent a petition to the superior court. Thus, his petition does not present an appropriate case for our limited original mandamus jurisdiction.

For these reasons, Blocker's discretionary application and mandamus petition are hereby DISMISSED. Blocker's motion for an extension of time to file his appellate brief is DENIED AS MOOT.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  05/24/2022

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_ , *Clerk.*