# Court of Appeals
# of the State of Georgia

ATLANTA, June 14, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1438. RUEBEN DALE JACKSON v. LAURA M. JACKSON.

In 2021, proceeding pro se, Rueben Dale Jackson filed an application for discretionary appeal, seeking to appeal from the trial court's final judgment and decree of divorce. This Court denied his application. See Case No. A22D0120 (Nov. 24, 2021). We also denied Rueben's subsequent motion for reconsideration. See Case No. A22D0120 (Dec. 16, 2021). Rueben has now filed a "petition for writ of mandamus," again seeking review of the final divorce decree.

We have limited original mandamus authority in aid of our jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. However, unlike appellate courts, superior courts are "equipped to develop an evidentiary record[.]" *Byrd v. Robinson*, 349 Ga. App. 19, 20 (825 SE2d 424) (2019). Thus, "[e]xcept in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction pursuant to the Constitution of 1983 must first petition the superior court for such relief." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010). Here, Rueben does not indicate that he has petitioned the superior court for mandamus relief in connection with his claims. Nor is this the rare case that warrants an exception to the rule that litigants should petition the superior court first. Indeed, although styled as a petition for writ of mandamus, Rueben's filing merely seeks further review of the final divorce decree. But our denial of Rueben's discretionary application bars further appellate review of the final divorce decree and acts as res judicata in later proceedings. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); *Hook v. Bergen*, 286 Ga.

App. 258, 261 (1) (649 SE2d 313) (2007) ("[T]he denial of an application for discretionary appeal is an adjudication on the merits of the underlying order and acts as res judicata in subsequent proceedings."); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").

Accordingly, this petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/14/2022

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_ , *Clerk.*