## 40769. GRAHAM v. CAVENDER et al.

MARSHALL, Presiding Justice.

Joe D. Graham, Jr., an inmate of the Georgia State Prison at Reidsville, filed with this court a pro se petition for a writ of mandamus, seeking to invoke the original jurisdiction of this court to require respondents David L. Cavender and James E. Findley, Judges of the Superior Court of Tattnall County, Atlantic Judicial Circuit, and respondent Billie K. Rewis, the clerk of said court, to take certain actions in connection with the petitioner's civil case pending in Tattnall Superior Court.

Specifically, he alleges that the respondents had refused to compel the defendants in his action to answer his complaint, as ordered by respondent Judge Cavender; that the respondents had allowed the defendants to appear in open court in regard to the said case without informing the petitioner prior thereto of the dates and times at which the defendants were to be there; that the respondent judges have not ruled or replied in regard to the petitioner's motion to compel discovery and affidavit for entry of default in his case, nor held a hearing or ruled on the "overall complaint"; and that the respondent clerk had not allowed the petitioner free access to the court, and had denied the petitioner important information concerning his case.

The procedure to be followed before seeking to invoke this court's original jurisdiction (the need for which is extremely rare) is to file such petition in the appropriate court. Being the respondents, the superior-court judges will disqualify, another superior-court judge will be appointed to hear and determine the matter, and the final decision may be appealed to the Supreme Court for review. See *Brown v. Johnson,* 251 Ga. 436 (306 SE2d 655) (1983); *Chancey v. Ellis,* 251 Ga. 437 (306 SE2d 656) (1983).

The above is true because of the provisions of the Constitution of 1983. Prior to the effective date of that Constitution, the only sanction provided by law for the failure or refusal of a judge to obey the provisions of Code Ann. § 24-2620 (now OCGA § 15-6-21(a)) requiring prompt judicial action, was found in Code Ann. § 24-2621 (now OCGA § 15-6-21(d)), i.e., impeachment and removal from office. *Haynes v. State,* 159 Ga. App. 34 (4) (283 SE2d 25) (1981),

affirmed in *Haynes v. State,* 249 Ga. 119 (3) (288 SE2d 185) (1982), although reversed on another ground. We recognize the inefficiency of impeachment and mandamus as it previously existed as remedies for judicial inaction. See 5 Ga. State Bar Journal 467 (1969). Historically, our law has been that mandamus could issue only from a superior tribunal to an inferior tribunal, hence a superior-court judge could not mandamus another superior-court judge to compel the taking of judicial action. *Shreve v. Pendleton,* 129 Ga. 374 (58 SE 880) (1907). In an apparent attempt by the legislature and the voters to provide a more efficient remedy, the Constitution of 1983 provides that "only the superior and appellate courts shall have the power to issue process in the nature of mandamus . . ." Art. VI, Sec. I, Par. IV (Code Ann. § 2-2704). This provision is merely enabling, not mandatory. This court, in *Brown* and *Chancey,* supra, has chosen to maintain its general status as an appellate court by designating the procedure outlined hereinabove to be followed in all but those extremely rare situations in which there is a need for the exercise of this court's original jurisdiction. In our opinion, the present petition does not show such a need.

Accordingly, the petition for the writ of mandamus must be, and is hereby, dismissed.

*Petition dismissed. All the Justices concur.*

DECIDED FEBRUARY 10, 1984.

Joe D. Graham, Jr., *pro se.*
*Michael J. Bowers, Attorney General,* for appellees.