A10A0563, A10A0826. EXPEDIA, INC. v. CITY OF COLUMBUS
(two cases).
(699 SE2d 600)

MILLER, Chief Judge.

These cases arise out of the Supreme Court of Georgia's decision in *Expedia, Inc. v. City of Columbus*, 285 Ga. 684 (681 SE2d 122) (2009). Therein the Supreme Court held that pursuant to OCGA § 48-13-50 and the Hotel-Motel Occupancy Excise Tax Ordinance of the City of Columbus (the "City"), Expedia must remit hotel occupancy taxes to the City based on the full room rate it charged its customers rather than the wholesale rate it agreed to pay the hotel

---

[9] See *Leftwich v. State*, 299 Ga. App. 392, 398 (4) (682 SE2d 614) (2009).

for the room. Id. at 689 (4).[1] Expedia's liability for past taxes, penalties, interest, costs, expenses, and attorney fees remain to be decided in the trial court.

In Case Nos. A10A0563 and A10A0826, Expedia appeals by direct and discretionary appeals, respectively, from a September 15, 2009 discovery order (the "September 15 order") entered below in which the trial court adopted the report of its appointed special master and granted the City's motion to strike privilege claims, work product immunity, and to compel the production of documents. In its appellate brief in Case No. A10A0826, Expedia addresses the threshold question of jurisdiction common to each of its appeals. In this regard, Expedia contends that the September 15 order is immediately reviewable before this Court (i) as a collateral order, (ii) as "in substance and effect" a final judgment pursuant to OCGA § 5-6-34 (a) (1), and (iii) as in furtherance of this Court's original jurisdiction to grant mandamus relief. Finding that the trial court's September 15 order is an interlocutory discovery order, not a collateral order from which a direct appeal may be taken; no other basis for subject matter jurisdiction exists; and that in seeking discretionary review Expedia failed to comply with the interlocutory procedures in OCGA § 5-6-34 (b), we dismiss both cases for lack of subject matter jurisdiction.[2]

"Trial courts have broad discretion to control discovery, including the imposition of sanctions. Absent the showing of a clear abuse of discretion, a court's exercise of that broad discretion will not be reversed." (Citations and punctuation omitted.) *Deep South Constr. v. Slack*, 248 Ga. App. 183, 185 (1) (546 SE2d 302) (2001).

The record shows that in October 2007, the City challenged numerous claims of privilege which Expedia asserted in connection with its document production, but received no response for almost a year. As a result, the City requested the appointment of a special master to address discovery issues, which request the trial court granted. The City thereafter moved to strike Expedia's privilege claims and asked the Special Master to order production of the subject documents for in camera review. Expedia moved to recuse the

---

[1] The relevant facts are set out in greater detail in *Expedia*. Id. at 684-687.

[2] Jurisdiction cannot reside in two places at one time to allow a stay of a case in this Court to permit the trial court to dispose of a motion before it. *Gomillion v. State*, 236 Ga. App. 14, 15 (1), n. 2 (512 SE2d 640) (1999); see also Ga. Const., Art. VI, Sec. IX, Par. II ("The Supreme Court and the Court of Appeals shall dispose of every case at the term for which it is entered on the court's docket for hearing or at the next term."). Accordingly, Expedia's motion for a temporary stay of appeal pending the trial court's ruling on whether the underlying case should be dismissed as moot upon its motion for summary judgment on such ground, is denied. Further, given our disposition of the instant appeals, the City's motions to dismiss in both cases for lack of jurisdiction are also denied as moot.

Special Master claiming that he had prejudged its case, but nonetheless produced its documents. And following a hearing on the City's motion to strike and the trial court's denial of Expedia's motion to recuse, the Special Master overruled Expedia's privilege claims, finding, among other things, that such objections were waived under the crime-fraud exception.[3] The instant appeals ensued after the trial court entered its order adopting the Report of the Special Master upon finding that Expedia had failed to timely file its exceptions thereto or move to recommit.

1. By both its appeals, Expedia claims that the September 15 order is immediately reviewable before this Court as within the collateral order exception to the final judgment rule. We are not persuaded.

The collateral order doctrine permits appeals from a small category of decisions "that are [(i)] conclusive, [(ii)] that resolve important questions separate from the merits, and [(iii)] that are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers County Comm.*, 514 U. S. 35, 42 (II) (115 SC 1203, 131 LE2d 60) (1995), citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U. S. 541, 546 (69 SC 1221, 93 LE 1528) (1949); *Scroggins v. Edmondson*, 250 Ga. 430, 431 (1) (c) (297 SE2d 469) (1982) (acknowledging that the court has adopted the three-part *Cohen* test (the "*Cohen* factors" to which *Swint* refers, as above)). The collateral order exception is narrowly applied to avoid "[p]ermitting piecemeal, prejudgment appeals," to promote " 'efficient judicial administration,' " and to protect "the prerogatives of [trial] judges, who play a 'special role' in managing ongoing litigation." (Citations omitted.) *Mohawk Indus. v. Carpenter*, ___ U. S. ___ (130 SC 599, 605 (II) (A), 175 LE2d 458) (2009), affirming *Carpenter v. Mohawk Indus.*, 541 F3d 1048 (11th Cir. 2008).

Inasmuch as collateral order appeals are not necessary to ensure the effective review of orders adverse to the attorney-client privilege (and related claims of privilege, as here[4]) (*Mohawk*, supra, 130 SC at 606 (II) (B)), we need not determine whether such orders satisfy the remaining *Cohen* factors, i.e. conclusiveness and separateness.

The attorney-client privilege which protects confidentiality in furtherance of effective representation and the due administration of

---

[3] The crime-fraud exception to the attorney-client privilege posits that communications with an attorney after the completion of a crime or fraud are privileged, "but those which occur before the perpetration of a fraud or commission of a crime and which relate thereto are not protected by the privilege." *Both v. Frantz*, 278 Ga. App. 556, 564 (5) (629 SE2d 427) (2006).

[4] Expedia also claimed privilege as to third-party nonlawyer communications (see *United States v. Kovel*, 296 F2d 918 (2d Cir. 1961), common interest or joint defense privilege (see *McKesson Corp. v. Green*, 266 Ga. App. 157, 161 (1), n. 8 (597 SE2d 447) (2004)), and the attorney work-product privilege (see OCGA § 9-11-26 (b) (3)).

justice, is of unquestionable importance.

> The crucial question [in the context of the collateral order doctrine], however, is not whether an interest is important in the abstract; *it is whether deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders.* We routinely require litigants to wait until after final judgment to vindicate valuable rights, including rights central to our adversarial system. See, e.g., *Richardson-Merrell, Inc.*, 472 U. S. 424, 426 (105 SC 2757, 86 LE2d 340) [(1985)] (holding an order disqualifying counsel in a civil case did not qualify for immediate appeal under the collateral order doctrine); *Flanagan v. United States*, 465 U. S. 259, 260 [(104 SC 1051, 79 LE2d 288)] (1984) (reaching the same result in a criminal case, notwithstanding the Sixth Amendment rights at stake). In *Digital Equipment [Corp. v. Desktop Direct, Inc.*, 511 U. S. 863, 881 (114 SC 1992, 128 LE2d 842) (1994)], we rejected an assertion that collateral order review was necessary to promote the public policy favoring voluntary resolution of disputes. . . . In our estimation, *postjudgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege.*

(Punctuation omitted; emphasis supplied.) *Mohawk*, supra, 130 SC at 606-607 (II) (B).

The improper disclosure of privileged material, for example, may be remedied by the appellate courts in a variety of ways: (i) "by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence" (*Mohawk*, supra, 130 SC at 607 (II) (B)); and (ii) by means of which Expedia has not availed itself of in these cases, i.e., upon a contempt citation entered for refusal to comply with a discovery order and challenging the order on direct appeal (id. at 608 (II) (B);[5] *Gen. Motors Corp. v. Hammock*, 255 Ga. App. 131, 131-132 (564 SE2d 536) (2002)); upon interlocutory appeal when a "privilege ruling involves a new legal question or is of special consequence. . . ." (*Mohawk*, supra, 130 SC at 607 (II) (B)); or upon petition for writ of mandamus "when a disclosure order amounts to a judicial usurpation of power or a clear abuse of discretion, or otherwise works a manifest injustice." (Citations and punctuation omitted.) Id.

---

[5] Expedia elected to have its privilege claims decided on their merits through an in camera inspection before the special master.

YALE LAW LIBRARY

Expedia asserts that the September 15 order is invasive of the attorney-client privilege. "But deferring review until final judgment does not meaningfully reduce the ex ante incentives for full and frank consultations between clients and counsel." *Mohawk*, supra, 130 SC at 607 (II) (B). Specifically, even were collateral appeals from discovery orders permissible, the confidentiality attaching to attorney-client communications is not inviolate, and those involved must always

> account for the possibility that they will later be required by law to disclose their communications for a variety of reasons — for example, because they misjudged the scope of the privilege, because they waived the privilege, or [as the special master here determined,] because their communications fell within the privilege's crime-fraud exception.

Id. And notwithstanding Expedia's claims of special circumstances warranting immediate review, that a fraction of orders adverse to the attorney-client privilege may nevertheless harm individual litigants "in ways that are only imperfectly reparable" by reversal of a final judgment does not justify making all such orders immediately appealable as of right. *Digital Equip.*, supra, 511 U. S. at 872. "In short, the limited benefits of applying 'the blunt, categorical instrument of [the] collateral order appeal' to privilege-related disclosure orders simply cannot justify the likely institutional costs." *Mohawk*, supra, 130 SC at 608 (II) (B); compare *In re Paul,* 270 Ga. 680, 683 (513 SE2d 219) (1999); *Britt v. State*, 282 Ga. 746, 748-749 (1) (653 SE2d 713) (2007) (collateral order exception to final judgment rule allowed immediate appeal from rulings adverse to nonparty reporters and Public Defender Council, respectively).

Given the foregoing, the collateral order exception to the final judgment rule does not extend to the September 15 order. As an interlocutory discovery order, a direct appeal thereof in Case No. A10A0563 is unavailable. And since Expedia failed to comply with the interlocutory appeal procedures in OCGA § 5-6-34 (b), discretionary review in Case No. A10A0826 is likewise foreclosed.

2. Alternatively, Expedia argues that this Court may exercise jurisdiction over the September 15 order (i) as a final judgment, or (ii) pursuant to its powers to exercise mandamus relief. We disagree.

(a) Citing *Coastal Marshlands Protection Comm. v. Center for a Sustainable Coast*, 286 Ga. App. 518 (649 SE2d 619) (2007), Expedia contends that whether an order is final and appealable is judged by its function and substance (id. at 520 (1)), arguing that the September 15 order adopted conclusions reached by the special master which went to the ultimate merits of the case, i.e. that as an

innkeeper, Expedia was subject to hotel registration requirements and required to collect and remit hotel occupancy taxes based on its service charges. A careful reading of Expedia's appellate brief, however, shows that this claim pertains to an alleged conclusion reached in a case not before this Court. We find no such conclusion in the record on appeal. In any event, Expedia's status as innkeeper was not in issue before the special master because the Supreme Court of Georgia held that Expedia was a third-party tax collector, not an innkeeper before the City filed the instant lawsuit. *Expedia*, supra, 285 Ga. at 691 (6).

We have concluded that the September 15 order is an interlocutory discovery order, as above. As such, the order does no more than compel the production of documents, and its function is to resolve the discovery dispute in the litigation pending below. Consequently, we conclude that the September 15 order is not appealable as the functional equivalent of a final judgment. See OCGA § 5-6-34 (a) (1) (as codified the final judgment rule confers appellate jurisdiction of "[a]ll final judgments, that is to say, where[, unlike here,] the case is no longer pending in the court below. . . .").

(b) Nor is there merit in Expedia's claim that mandamus relief is appropriate in these circumstances. Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction pursuant to the Constitution of 1983 must first petition the superior court for such relief. Ga. Const. 1983, Art. VI, Sec. I, Par. IV; *Brown v. Johnson*, 251 Ga. 436 (306 SE2d 655) (1983). Expedia has not petitioned the trial court for mandamus relief in accordance with such procedure. Given the foregoing, and the September 15 order as an interlocutory discovery order, we do not find this to be the rare case in which the original jurisdiction of this Court should be invoked were such a petition filed here. See id. (rejecting the need to file an original petition in the appellate courts where a superior court judge is named as a respondent for the superior court's capacity to hear and determine the matter upon the disqualification of the respondent judge and the appointment of another superior court judge).

In light of the foregoing, we must dismiss both appeals for lack of jurisdiction.

*Appeals dismissed in Case Nos. A10A0563 and A10A0826. Phipps, P. J., and Johnson, J., concur.*

DECIDED JULY 13, 2010 —
RECONSIDERATION DENIED JULY 30, 2010 — 

*Buchanan & Land, Jerry A. Buchanan, Jones Day, E. Kendrick Smith*, for appellant.

*Pope, McGlamry, Kilpatrick, Morrison & Norwood, Charles N.*

*Pope, Neal K. Pope, R. Timothy Morrison, William U. Norwood III, Wade H. Tomlinson III, Alan G. Snipes, Powell Goldstein, John R. Bielema, Jr., William H. Boling, Jr., Michael P. Carey, L. Lin Wood, Jr.*, for appellee.