# Court of Appeals
# of the State of Georgia

ATLANTA,  January 25, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0858.  MITCHELL GENERAL & COSMETIC DENTISTRY, INC. et al.
v. WELLS FARGO BANK, NATIONAL ASSOCIATION.**

In this civil action, three of the defendants, specifically Mitchell General & Cosmetic Dentistry, Inc., Barbara Grady Mitchell, and Steven Allgood Mitchell, have filed a direct appeal of the trial court's order denying their motion to enforce settlement agreement, denying their motion for an emergency protective order, and granting the motion of the plaintiff to compel discovery against them.  Although the case remains pending below, the defendants argue that the trial court's denial of their motion to enforce settlement agreement is directly appealable under the collateral order doctrine.[1]  We disagree, and conclude that we lack jurisdiction because the interlocutory appeal procedures were not followed.

OCGA § 5-6-34 (a) (1) authorizes direct appeals only from "final judgments, that is to say, where the case is no longer pending in the court below[.]"  However, "[t]he collateral order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." (Punctuation omitted.) *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 452 (1) (699 SE2d 600) (2010).  "[T]he collateral order doctrine has application to only a very small class of interlocutory rulings." (Punctuation omitted.) *Rivera v. Washington*, 298 Ga. 770, 775 (784 SE2d 775) (2016).

---

[1] The defendants requested that the trial court certify its order for immediate review, but the trial court did not grant their request.

Here, the denial of the motion to enforce settlement agreement is not directly appealable under the collateral order doctrine. The defendants' claim that they have already resolved their dispute with the plaintiff can be effectively reviewed on appeal once a final judgment is entered. See *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U. S. 863 (114 SCt 1992, 128 LE2d 842) (1994) (under the federal collateral order doctrine, the refusal to enforce a settlement agreement claimed to shelter a party from suit altogether does not supply a basis for an immediate appeal, as the potential right to not defend the case is effectively reviewable on final judgment); see also *Rivera*, 298 Ga. at 776-778 (an interlocutory order rejecting a motion to dismiss based on a claim of immunity is not directly appealable under the collateral order doctrine).

Thus, the defendants were required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b) to obtain immediate appellate review of the trial court's order. Because the defendants failed to follow the required appellate procedures, their appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  01/25/2018*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*