# Court of Appeals
# of the State of Georgia

ATLANTA,  September 11, 2019

*The Court of Appeals hereby passes the following order:*

## A20A0201.  JERRY W. SPENCER v. ROBERT E. FLOURNOY, III.

Jerry Spencer currently is serving a prison sentence following his 2015 convictions for two counts of child molestation in Cobb County Superior Court.  The current, limited record contains no indication that Spencer's judgment of conviction has been reviewed on direct appeal.  Spencer now has filed, in this Court, a set of documents that we docketed as a petition for a writ of mandamus.  The mandamus petition form that Spencer has included with his filing, however, is directed to the Cobb County Superior Court, not to this Court.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, . . . and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare."  *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983).  Rather, the procedure to be followed before seeking to invoke this Court's original mandamus jurisdiction is to file the petition in the appropriate lower court first.  See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief.").

Here, the record contains no indication that Spencer has obtained a ruling in the superior court on the claims in his mandamus petition.  To the contrary, in a "Motion to Compel Appeals Court to Intervene" (in which Spencer names the State of Georgia as the defendant) that Spencer has included with the documents filed in this Court, he alleges that he "recent[ly] sent" – presumably to the superior court –

the mandamus petition that also is included in his current filing. Notably, the current record contains no indication that the petition in fact has been filed in the superior court, much less that the superior court has issued a ruling on it. Consequently, as there is no trial court ruling to be appealed and no mandamus petition addressed to this Court, Spencer's petition for a writ of mandamus was improvidently docketed in this Court.

To the extent that Spencer's "Motion to Compel Appeals Court to Intervene" may itself be construed as a petition asking this Court to issue a writ of mandamus, the same result follows. OCGA § 9-10-14 (b) prohibits any clerk of court from accepting for filing "any action by an inmate of a state or local penal or correctional institution against the state, . . . unless the complaint or other initial pleading is on a form or forms promulgated by the Administrative Office of the Courts." Spencer's "Motion to Compel Appeals Court to Intervene" is not on a form promulgated by the Administrative Office of the Courts, and we therefore lack the authority to accept it as a mandamus petition.

For each of the above reasons, Spencer's petition is hereby DISMISSED as improvidently docketed.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/11/2019*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*