# Court of Appeals
# of the State of Georgia

ATLANTA,  October 12, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1468. WOODARD v. BEN MILLER, et al.

Timothy Woodard filed an original mandamus action with this Court. Although the procedural posture is not entirely clear from the mandamus petition, it appears Woodard is currently serving a sentence for one or more crimes and facing criminal prosecution for other crimes. In his mandamus petition, Woodard requests that we (1) order the Superior Court Clerk of Spalding County to "docket and return stamped copies of motions"; (2) order the trial court to hold a hearing on his "motion to recuse"; and (3) order the trial judge to "enter decisions on motions entered[;] [and] to decide promptly all motions, injunctions, demurrers, and all other motions of any nature." But this case is not subject to original mandamus relief by our Court.

Appellate courts have mandamus authority in aid of their jurisdiction,[1] but the need to resort to the appellate courts for such relief is "extremely rare" because "the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction[.]"[2] This is not one of the extremely rare instances in which this Court will

---

[1] *See* Ga. Const. of 1983, Art. VI, Sec. I, Par. IV ("Each court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments; but only the superior and appellate courts and state-wide business court shall have the power to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction.").

[2] *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); *see Byrd v. Robinson*, 349 Ga. App. 19, 20 (825 SE2d 424) (2019) ("Unlike the appellate courts, the superior courts of this state are equipped to develop an evidentiary record and

exercise original mandamus jurisdiction. As we have previously explained, the procedure to be followed before seeking to invoke this Court's original jurisdiction is "to file such petition in the appropriate lower court."[3] Indeed, "[l]ike our Supreme Court, this Court has recognized that except in the rarest of cases, litigants seeking to invoke this [C]ourt's original jurisdiction must first petition the superior court for such relief."[4]

Although Woodard claims he has "attempted" to file a mandamus petition in the trial court, it does not appear that any such mandamus petition has actually been filed or ruled upon by that court. Moreover, Woodard has not detailed the specific mandamus relief he attempted to request below or asked this Court to order any particular relief with respect to any such petition. Instead, as previously noted, he requests only that this Court order the trial court and the court's clerk to take various actions with respect to motions he has filed below. Under these circumstances, there is no basis for this Court to exercise jurisdiction.[5] Accordingly, this petition for writ

---

they have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." (punctuation omitted)).

[3] *Byrd*, 349 Ga. App. at 20 (punctuation omitted); *see Gay v. Owens*, 292 Ga. 480, 482-834 (2) (738 SE2d 614) (2013) (explaining that a petition for writ of mandamus must be filed initially in superior court and not appellate courts when none of the "extremely rare" instances in which an appellate court's original jurisdiction is invoked) (punctuation omitted); *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984) ("The procedure to be followed before seeking to invoke this Court's original jurisdiction (the need for which is extremely rare) is to file such petition in the appropriate court.").

[4] *Byrd*, 349 Ga. App. at 20-21 (punctuation omitted).

[5] The instant mandamus petition is at least the fifth one Woodard has filed with this Court, none of which have been granted. Significantly, while the Georgia Constitution provides that "only the superior and appellate courts shall have the power to issue process in the nature of mandamus[,] this provision is merely enabling,

of mandamus is hereby DISMISSED.[6]



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,*  10/12/2022

       *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

       *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

*not mandatory.*" *Bordeaux v. Hise*, 355 Ga. App. 688, 690 (845 SE2d 408) (2020) (punctuation omitted and emphasis supplied); *accord Graham*, 252 Ga. at 124.

[6] Woodard has filed three *pro se* motions with various requests regarding this case, and one of the named defendants, the District Attorney for the Griffiin Judicial Circuit, has moved to be dismissed as a party. Because Woodard's mandamus petition has been dismissed, all of the pending motions in this case are hereby DENIED as moot.