# Court of Appeals
# of the State of Georgia

ATLANTA,  April 22, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0302.  GIRISH  MODI  v.  INDIA  AMERICAN  CULTURAL ASSOCIATION (IACA).**

Girish Modi filed this timely discretionary application seeking review of the trial court's order dismissing his post-judgment motions. Under OCGA § 5-6-34 (a) (1), a party may file a direct appeal from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35."[1] It does not appear that any provision of OCGA § 5-6-35 (a), the discretionary appeal statute, applies here.

We will grant a timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and Modi shall have ten days from the date of this order to file a notice of appeal in the trial court.  If Modi has already filed a timely notice of appeal in the trial court, he need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.

---

[1] It appears that the issue of OCGA § 9-15-14 attorney fees remains pending in the trial court following our remand for further fact finding. See *Modi v. India-American Cultural Assn.*, 370 Ga. App. 458 (897 SE2d 86) (2024). However, the pendency of an OCGA § 9-15-14 attorney fee issue does not affect the finality of a case for purposes of appealing the judgment. See *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002) (reservation of OCGA § 9-15-14 attorney fee issue does not extend time for filing a notice of appeal). Thus, Modi was not required to file an application for interlocutory appeal here.

Modi has also filed an "Emergency Motion for a Writ of Mandamus" seeking disqualification of the trial court judge. However, an emergency motion for original mandamus in an appellate court is not an appropriate avenue for the relief Modi seeks. "Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Rather, the procedure to be followed before seeking to invoke this Court's original jurisdiction is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief."). Being a respondent, "the superior-court judge[ ] will disqualify, another superior-court judge will be appointed to hear and determine the matter, and the final decision may be appealed[.]" *Graham*, 252 Ga. at 123. Accordingly, Modi's emergency motion is hereby DENIED.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,__04/22/2024_____

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.