# Court of Appeals
# of the State of Georgia

ATLANTA,  May 16, 2024

*The Court of Appeals hereby passes the following order:*

## A24D0326. JAMES LAMAR WRIGHT, JR. v. THE STATE.

In 2018, James Lamar Wright, Jr. pleaded guilty to armed robbery and other offenses in three related cases, and the trial court imposed a total sentence of ten years in prison, to be followed by ten years on probation. In 2024, Wright filed a motion correct a void sentence and a "Motion to Vacate Mere Nullity Void Judgment and Sentence and to Expunge Such OCGA §§ 17-9-4 and 9-14-48 (d)" in these cases. The trial court entered an order denying and dismissing Wright's motions on February 7, 2024. On March 13, 2024, Wright filed, in the Supreme Court of Georgia, a document entitled "Mere Nullity Void Judgment and Sentence Accordingly to OCGA §§ 9-14-48 (d) & 17-9-4." The Supreme Court docketed the filing as an application for discretionary review of the February 7 order and transferred the case to us for want of jurisdiction. For the reasons set forth below, we also lack jurisdiction.

First, to the extent that Wright seeks appellate review of the February 7 order via an application for discretionary review, the application is untimely. An application for discretionary appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-35 (d). "The requirements of OCGA § 5-6-35 are jurisdictional and this [C]ourt cannot accept an appeal not made in compliance therewith." *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Wright's filing was submitted 35 days after the trial court order was entered, and is untimely as a result, regardless of whether an appeal otherwise would lie from that order.

Second, to the extent Wright is requesting us to act by invoking our original jurisdiction,  see generally Ga. Const. of 1983, Art. VI, Sec. I, Par. IV, any such

request is not properly before this Court. "Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). As such, the procedure to be followed before seeking to invoke this Court's original jurisdiction is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief."). Here, the limited application materials submitted by Wright — who remains incarcerated — contain no indication that he has sought and obtained a ruling on a request for relief in the nature of mandamus, prohibition, specific performance, quo warranto, or injunction in the superior court. Regardless, OCGA § 9-10-14 (b) prohibits any clerk of court from accepting for filing "any action by an inmate of a state or local penal or correctional institution against the state[,] . . . unless the complaint or other initial pleading is on a form or forms promulgated by the Administrative Office of the Courts." Wright's filing is not on a form promulgated by the Administrative Office of the Courts, and we therefore lack the authority to accept it as a petition seeking to invoke this Court's original jurisdiction.

For each of the foregoing reasons, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,___05/16/2024_____*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*