# Court of Appeals
# of the State of Georgia

ATLANTA,  May 17, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1438. RAY TAYLOR v. KENNETH WILLIAMS.

Ray Taylor sued Kenneth Williams to recover for damages arising from a motor vehicle collision. Williams did not file a timely answer or discovery responses. He later moved to open default and withdraw his admissions. The trial court denied the motion, ruling that Williams's liability was established as a matter of law, but he was entitled to a trial on damages. Taylor then filed a motion to enforce a settlement agreement. The trial court denied that motion, as well as Taylor's subsequent motion to vacate the denial, and Taylor appeals. We lack jurisdiction.

OCGA § 5-6-34 (a) (1) authorizes direct appeals only from "final judgments, that is to say, where the case is no longer pending in the court below[.]" Because the issue of damages has not been resolved, Taylor was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) in order to obtain appellate review at this juncture.[1] See *Underwood v. Dunn*, 215 Ga. App. 252, 252-253 (451 SE2d 129) (1994).

In his notice of appeal, Taylor suggests that he may appeal directly under the collateral order doctrine, which "permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." *Expedia v. City of Columbus*, 305 Ga. App. 450, 452 (1) (699 SE2d

---

[1] In fact, Taylor did file an application for interlocutory appeal, which we denied. See Case No. A23I0217 (June 2, 2023),

600) (2010) (punctuation omitted). "[T]he collateral order doctrine has application to only a very small class of interlocutory rulings." *Rivera v. Washington*, 298 Ga. 770, 775 (784 SE2d 775) (2016) (citation and punctuation omitted). The denial of a motion to enforce a settlement agreement is not one of those rulings, as it may be reviewed effectively on appeal after final judgment. See *Digital Equip. Corp. v. Desktop Direct*, 511 U. S. 863 (114 SCt 1992, 128 LE2d 842) (1994) (under the federal collateral order doctrine, the refusal to enforce a settlement agreement did not supply a basis for an immediate appeal).

Because Taylor had no right of direct appeal from the trial court's interlocutory order denying his motion to enforce a settlement agreement, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/17/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*