# Court of Appeals
# of the State of Georgia

ATLANTA,  June 05, 2024

*The Court of Appeals hereby passes the following order:*

### A24A1498, A24A1499, A24A1500. JASON HINES v. SUSAN PROPERTY MANAGEMENT, LLC.

This case originated as a dispossessory proceeding in magistrate court. Following an adverse ruling, defendants Jason and Tiffany Hines (collectively "Hines") appealed to the superior court, which entered several orders in favor of the plaintiff. Hines then filed three appeals from various orders entered by the superior court.[1] The plaintiff has filed a motion to dismiss, arguing that we lack jurisdiction to consider these appeals. We agree.

Pretermitting other possible jurisdictional issues with these appeals, the superior court's rulings in this case are not subject to direct appeal. Because this case reached the superior court through a de novo appeal from the magistrate court, Hines was required to follow the discretionary appeal procedures to obtain review of the superior court's decisions in this Court. See OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Hines's failure to file an application for appeal deprives of us jurisdiction over this matter. Accordingly, the motion to dismiss is hereby GRANTED and these appeals are hereby DISMISSED. Additionally, Hines's request for oral argument on these appeals and emergency motion to stay proceedings pending these appeals are DENIED as moot.

---

[1] Hines directed the appeals to the Supreme Court, which transferred the cases here.

Hines has also filed "Petition for Emergency Writ of Mandamus" seeking disqualification of the trial court judge. However, original mandamus in an appellate court is not an appropriate avenue for the relief Hines seeks. "Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Rather, the procedure to be followed before seeking to invoke this Court's original jurisdiction is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief."). Being a respondent, "the superior-court judge[ ] will disqualify, another superior-court judge will be appointed to hear and determine the matter, and the final decision may be appealed[.]" *Graham*, 252 Ga. at 123. Accordingly, Hines's request to disqualify the trial court judge is hereby DENIED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___06/05/2024_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.