# Court of Appeals
# of the State of Georgia

ATLANTA, <u>  November 18, 2025  </u>

*The Court of Appeals hereby passes the following order:*

## A26E0090. ALLAN JOE v. COURTNEY JOHNSON, JUDGE et al.

Allan Joe has filed a petition for a writ of mandamus directing two superior court judges to: (i) vacate as void a divorce decree entered between him and his ex-wife; (ii) stay all "enforcement actions arising from" the divorce decree and related contempt proceedings; and (iii) restore his access to certain court records and ability to submit filings.

Pretermitting whether mandamus would be an appropriate procedure for the relief Joe seeks, "it will be an 'extremely rare' circumstance that would require a party to seek a writ of mandamus in [an appellate court] in the first instance." *Arnold v. Alexander*, 321 Ga. 330, 335 (1) n.6 (914 SE2d 311) (2025). Indeed, we are authorized to issue such relief "only in matters related to an appeal or impending appeal, when necessary in aid of appellate jurisdiction or to protect or effectuate appellate court judgments." Id. at 335 (1).

Here, the materials submitted with Joe's mandamus petition contain no indication that he sought mandamus relief in the superior court before he filed the current petition in this Court. This case therefore does not present one of the "extremely rare" instances in which this Court will grant mandamus relief. See *Arnold*, 321 Ga. at 335 (1) & n.6; *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984) (the procedure to be followed before invoking an appellate court's original mandamus jurisdiction is to file a petition in the superior court and appeal any resulting adverse decision to the appellate court), disapproved in part on other grounds, *Arnold*, 321 Ga. at 336 (1) & n.7; *Expedia, Inc. v. City of Columbus*, 305

Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's [jurisdiction to grant mandamus relief] must first petition the superior court for such relief."), disapproved in part on other grounds, *Arnold*, 321 Ga. at 336 (1) & n.7. Consequently, because Joe's remedy lies in the superior court, his mandamus petition is hereby DENIED. See Ga. Ct. App. R. 40(c); *Arnold*, 321 Ga. at 335 (1) & n.6.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,__11/18/2025_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*