# Court of Appeals
# of the State of Georgia

ATLANTA,  February 04, 2026

*The Court of Appeals hereby passes the following order:*

## A26E0138.  NASH TUTEN v. TAMMY STOKES, JUDGE.

Appellant has petitioned this Court for a Writ of Mandamus ordering the recusal of Judge Tammy Stokes of the Superior Court of Chatham County. But having reviewed Appellant's petition, this does not appear to be one of the rare instances that will invoke this Court's original mandamus jurisdiction.

In general, "the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Thus, before seeking to invoke this Court's original mandamus jurisdiction, the procedure which must be followed is to first file the petition in the appropriate lower court. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455(2)(b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief."). Being a respondent, the superior court judge will disqualify; another superior court judge "will be appointed to hear and determine the matter[;] and the final decision" then may be appealed to this Court. *Graham*, 252 Ga. at 123.

In this matter, however, it is unclear from Appellant's petition and the attached exhibits as to whether he filed a petition in the lower court. And Court of Appeals Rule 40(c)(2), in relevant part, provides that a petition for a writ of mandamus "shall [i]nclude sufficient material to apprise the Court of the issues, in context, and to

support the arguments advanced. Failure to submit sufficient material to apprise the Court of the issues and support the argument shall result in denial of the motion." Accordingly, Appellant's petition is hereby DENIED. See Court of Appeals Rule 40(c)(2).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 02/04/2026

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*