# Court of Appeals
# of the State of Georgia

ATLANTA, February 09, 2026

*The Court of Appeals hereby passes the following order:*

## A26E0140. NASH N. TUTEN v. SHALENA COOK JONES, CHATHAM COUNTY DISTRICT ATTORNEY.

Appellant has petitioned this Court for a Writ of Mandamus ordering Shalena Cook Jones, the Chatham County District Attorney, to exonerate his record and compensate him for what he contends was a wrongful conviction. But having reviewed Appellant's petition, this does not appear to be one of the rare instances that will invoke this Court's original mandamus jurisdiction.

In general, "the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Thus, before seeking to invoke this Court's original mandamus jurisdiction, the procedure which must be followed is to first file the petition in the appropriate lower court. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455(2)(b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction … must first petition the superior court for such relief.").

In this matter, however, it is unclear from Appellant's petition and the attached exhibits as to whether he filed a petition in the lower court. And Court of Appeals Rule 40(c)(2), in relevant part, provides that a petition for a writ of mandamus "shall [i]nclude sufficient material to apprise the Court of the issues, in context, and to

support the arguments advanced. Failure to submit sufficient material to apprise the Court of the issues and support the argument shall result in denial of the motion."

Furthermore, under Court of Appeals Rule 40(c)(1), an emergency motion must "[c]ontain an explanation why an order of this Court is necessary and why mandamus jurisdiction lies in this Court rather than a superior court[.]" This is the second emergency motion filed by appellant in as many weeks, and while appellant is *pro se*, that does not excuse him from "compliance with the substantive and procedural requirements of the law, including the rules of this Court." *Stewart v. Johnson*, 358 Ga. App. 813, 814 (856 SE2d 401) (2021). To that end, we have struggled to decipher not only appellant's handwriting but also any contention as to why an emergency motion is necessary.

Accordingly, Appellant's petition is hereby DENIED. See Court of Appeals Rule 40(c)(1), (c)(2).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  02/09/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*