# Court of Appeals
# of the State of Georgia

ATLANTA, February 10, 2026

*The Court of Appeals hereby passes the following order:*

## A26E0143.  KELLY WAITE v. GERRARD WAITE.

Appellant has moved this Court for what is essentially a Writ of Mandamus seeking the transmission of her notice of appeal and the transcript of proceedings and the stay of an upcoming hearing. But having reviewed Appellant's motion, this does not appear to be one of the rare instances that will invoke this Court's original mandamus jurisdiction.

In general, "the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Thus, before seeking to invoke this Court's original mandamus jurisdiction, the procedure which must be followed is to first file the petition in the appropriate lower court. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455(2)(b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief.").

In this matter, it does not appear that Appellant filed a petition for a Writ of Mandamus in the appropriate lower court. Accordingly, Appellant's petition is hereby DENIED. See Court of Appeals Rule 40(c)(1).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 02/10/2026

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.