# Court of Appeals
# of the State of Georgia

ATLANTA, May 27, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0006, A26O0007. JOSHUA KEITH KIRKLEY v. SUPERIOR COURT OF EFFINGHAM COUNTY, GEORGIA (two cases).

Joshua Keith Kirkley, who is facing criminal prosecution, has filed a petition for a writ of prohibition (Case No. A26O0006) and a petition for writ of mandamus (Case No. A26O0007), seeking to stay his prosecution below and to compel the trial court to rule on pending motions.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. As the Supreme Court recently made clear, an appellate court's authority to issue such writs "is connected only to such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments. It does not grant jurisdiction to this Court to issue process as an original matter wholly unconnected to its appellate jurisdiction." *Arnold v. Alexander*, 321 Ga. 330, 334(1) (914 SE2d 311) (2025) (punctuation omitted).

Thus, except in the rarest of cases, the procedure to be followed before seeking to invoke this Court's original jurisdiction — either for a writ of prohibition or a writ of mandamus — is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455(2)(b) (699 SE2d 600) (2010). Being a respondent, the superior court judge will disqualify, another superior court judge "will be appointed to hear and determine the matter, and the final decision" then may be appealed to this Court. *Graham*, 252 Ga. at 123. This is not one of the extremely rare instances in which this Court is authorized to exercise its limited original jurisdiction. Rather, Kirkley must first obtain a ruling from the superior court before we will exercise our jurisdiction. See *Brown*, 251 Ga. at 436-37.

Because there is no basis for this Court to exercise its jurisdiction, these original petitions are hereby DISMISSED. The pending motions Kirkley has filed are hereby DISMISSED as MOOT.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,___05/27/2026_____

        I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

        Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.