# Court of Appeals
# of the State of Georgia

ATLANTA,  June 02, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0019. AYESHA HOWARD v. ALICE BENTON, JUDGE.

Ayesha Howard filed in the Supreme Court of Georgia a petition for original mandamus relief, requesting that the Court: (1) grant a stay of all proceedings in a child support case; (2) vacate and set aside an order in the case; (3) dismiss the case; (4) find that the opposing party in the case is barred by the unclean hands doctrine; and (5) grant full faith and credit to the laws of California. The Supreme Court transferred the petition here. Case No. S26O0909 (May 5, 2026). Because Howard has not shown that this is one of those rare cases requiring the deployment of our limited powers of original mandamus, we dismiss the petition.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. As the Supreme Court of Georgia recently made clear, an appellate court's authority to issue such writs "is connected only to such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments. It does not grant jurisdiction to [the appellate court] to issue process as an original matter wholly unconnected to its appellate jurisdiction." *Arnold v. Alexander*, 321 Ga. 330, 334(1) (914 SE2d 311) (2025) (punctuation omitted). Thus, except in the rarest of cases, the procedure to be followed before seeking to invoke this Court's original mandamus jurisdiction is to file the petition in the appropriate lower court first. See *Graham v.*

*Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455(2)(b) (699 SE2d 600) (2010).

Here, there is no indication that Howard petitioned the superior court for a writ of mandamus, and this is not one of the extremely rare instances in which this Court will exercise its original jurisdiction. Thus, there is no basis for this Court to exercise its jurisdiction, and this original petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/02/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*