# Court of Appeals
# of the State of Georgia

ATLANTA, June 08, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0018. REBECCA ALCANTARA v. KENNETH SMITH, JUDGE.

Rebecca Alcantara has filed this original mandamus petition, alleging that Judge Kenneth Smith has acted in excess of his authority in an underlying adoption action.[1] She seeks an order of this Court, compelling Judge Smith, among other things, to refrain from acting without jurisdiction and engaging in other improper actions. For reasons that follow, Alcantara has not shown that this is one of those rare cases invoking this Court's limited original mandamus jurisdiction.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. As the Supreme Court recently made clear, an appellate court's authority to issue such writs "is connected only to such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments. It does not grant jurisdiction to this Court to issue process as an original matter wholly unconnected to its appellate jurisdiction." *Arnold v. Alexander*, 321 Ga. 330, 334(1) (914 SE2d 311) (2025) (punctuation omitted). Thus, except in the rarest of cases, the procedure to be followed before seeking to invoke this Court's original mandamus jurisdiction is to file

---

[1] Alcantara filed her petition in the Supreme Court, which transferred the matter to this Court. See Case No. S26O1130 (May 5, 2026).

the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455(2)(b) (699 SE2d 600) (2010). Being a respondent, the superior court judge will disqualify, another superior court judge "will be appointed to hear and determine the matter, and the final decision" then may be appealed to this Court. *Graham*, 252 Ga. at 123.

Alcantara has not followed this procedure. Accordingly, this is not one of the rare cases in which this Court is authorized to exercise mandamus jurisdiction. See *Brown*, 251 Ga. at 436–37. Accordingly, this mandamus petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/08/2026

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*