# Court of Appeals
# of the State of Georgia

ATLANTA,  June 10, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0026. WILLIE CHAMBERS v. MARILYN BENNETT, DISTRICT ATTORNEY et al.

Willie Chambers was convicted of armed robbery, four counts of kidnapping, five counts of aggravated assault, and one count of possession of a firearm during the commission of a crime. We affirmed his convictions. See *Johnson v. State*, 277 Ga. App. 499 (627 SE2d 116) (2006). Before this Court is Chambers' petition for original mandamus requesting that this Court order the trial court to rule on his motion to set aside void judgment, filed in September 2025. Chambers has not, however, shown that this is one of the rare cases in which this Court will exercise its limited original mandamus jurisdiction.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. As the Supreme Court of Georgia recently made clear, an appellate court's authority to issue such writs "is connected only to such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments. It does not grant jurisdiction to [the appellate court] to issue process as an original matter wholly unconnected to its appellate jurisdiction." *Arnold v. Alexander*, 321 Ga. 330, 334(1) (914 SE2d 311) (2025) (punctuation omitted). Thus, except in the rarest of cases, the procedure to be followed before seeking to invoke this Court's original mandamus

jurisdiction is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455(2)(b) (699 SE2d 600) (2010).

Here, Chambers does not allege that he attempted to file a mandamus petition in the superior court or that any such petition was refused for filing. Because it does not appear that Chambers attempted to comply with the requisite procedure for obtaining mandamus relief, this is not one of the extremely rare cases in which this Court will exercise original jurisdiction. Accordingly, this petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  06/10/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*