# Court of Appeals
# of the State of Georgia

ATLANTA, June 16, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0023. KAREEM MARSHALL v. SARAH F. WALL, JUDGE.

In this dispossessory action, Kareem Marshall filed numerous motions, including motions to dismiss and to join indispensable parties. Marshall subsequently filed a petition for a writ of mandamus, requesting that the superior court rule on the pending motions. On February 12, 2026, the superior court entered an order ruling on the pending motions, setting a final hearing date, and dismissing Marshall's petition for mandamus. According to Marshall, he then filed a motion to recuse Judge Sarah F. Wall, which she denied following the final hearing.

Marshall then filed this original mandamus petition,[1] seeking an order compelling Judge Wall to refrain from acting on the merits of the underlying dispossessory case and to dismiss the case for lack of jurisdiction. "Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson,* 251 Ga. 436, 436 (306 SE2d 655) (1983); see also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. As the Supreme Court of Georgia recently made clear, an appellate court's [constitutional] authority to issue such writs "is connected only to such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments. [That authority] does not grant

---

[1] Marshall originally filed his petition in the Supreme Court of Georgia, which transferred the petition to this Court. Case No. S26O1222 (May 19, 2026).

jurisdiction to [the appellate court] to issue process as an original matter wholly unconnected to its appellate jurisdiction." *Arnold v. Alexander*, 321 Ga. 330, 334(1) (914 SE2d 311) (2025) (punctuation omitted). Thus, except in the rarest of cases, the procedure to be followed before seeking to invoke this Court's original mandamus jurisdiction is to file the petition in the appropriate lower court first. *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455(2)(b) (699 SE2d 600) (2010).

Here, Marshall does not appear to have filed a mandamus petition in the superior court requesting the relief he seeks from this Court. Marshall failed to comply with the requisite procedure for obtaining mandamus relief, and this is not one of the extremely rare cases in which this Court will exercise original jurisdiction. Accordingly, this petition is hereby DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,__06/16/2026_____

        I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

        Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.