# Court of Appeals
# of the State of Georgia

ATLANTA,  June 25, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0017. CARA WILLIAMS v. BABS BAILEY, CLERK OF SUPERIOR COURT.

Cara Williams has filed a petition for writ of mandamus in this Court, requesting that we direct the Clerk of the Superior Court of Whitfield County, Babs Bailey, to file a petition for writ of mandamus against Benjamin Kenemer,[1] Scott Chitwood,[2] Chris Crossen,[3] and Superior Court Judges Cindy Morris and Herbert Poston. According to Williams, she attempted to file a petition for writ of mandamus against the above-named respondents, but Bailey refused to file the petition for writ of mandamus in the trial court.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. As the Supreme Court of Georgia recently made clear, however, an appellate court's constitutional authority to issue such writs "is connected only to such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments. [That authority] does not grant jurisdiction to [the appellate court] to issue process as an original matter wholly unconnected to its appellate jurisdiction." *Arnold v. Alexander*, 321 Ga. 330, 334(1) (914 SE2d 311) (2025) (punctuation omitted). Thus,

---

[1] According to the petition, Kenemer is the District Attorney for Whitfield County.

[2] According to the petition, Chitwood is the Sheriff for Whitfield County.

[3] According to the petition, Crossen is the Chief of the Dalton Police Department.

except in the rarest of cases, the procedure to be followed before seeking to invoke this Court's original mandamus jurisdiction is to file the petition in the appropriate lower court first. *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984), disapproved, in part, on other grounds by *Arnold*, 321 Ga. at 332.

Here, Williams does not appear to have filed a mandamus petition against Bailey in the superior court requesting the relief she seeks from this Court.[4] Williams thus has failed to comply with the requisite procedure for obtaining mandamus relief, and this is not one of the extremely rare cases in which this Court will exercise original jurisdiction. Accordingly, this petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*   06/25/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[4] We previously denied Williams' request for original mandamus filed against Kenemer, Chitwood, Crosson, Morris, and Poston. See *Williams v. Kenemer et al.*, A26E0060 (Ga. App. Sept. 17, 2025).